ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| TRANSPORTE CRESPO DE JESÚS II P/C MARÍA ESTRADA DE JESÚS<br><br>Recurrente<br><br>V.<br><br>OFICINA DE PERMISOS URBANÍSTICOS DEL MUNICIPIO AUTÓNOMO DE BAYAMÓN<br><br>Recurrida | TA2026RA00162 | *Revisión judicial* procedente de la Oficina de Permisos Urbanísticos del Municipio de Bayamón<br><br>Caso Núm. 2025-659441-PU-436208<br><br>Caso Núm. OGPe 2026-674959-SDR-303942<br><br>Sobre: Permiso Único |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece la señora María Estrada de Jesús (recurrente) y solicita la revisión de un *Informe sobre Acuerdo Adoptado por el Oficial de Permisos*, emitido y notificado el 23 de enero de 2026 por la Oficina de Permisos Urbanísticos del Municipio de Bayamón (OPU).[1] Mediante dicho dictamen, el foro administrativo denegó la consulta de variación en uso presentada por la recurrente para establecer una oficina administrativa de servicios de transportación de pacientes y un estacionamiento para su flota vehicular en su inmueble.

Por los fundamentos que se exponen a continuación, confirmamos el dictamen recurrido.

**I.**

Conforme surge del expediente, el 19 de febrero de 2025, el señor Roberto Román Vega presentó ante la OPU la *Querella* 2025-15-0015-Q contra la señora Estrada de Jesús.[2] Mediante esta, alegó

---

[1] Ante su inconformidad con la OPU, el 17 de febrero de 2026, la recurrente solicitó una revisión administrativa ante la Oficina de Gerencia de Permisos (OGPe), la cual determinó no acoger el recurso el 26 de febrero de 2026.
[2] Anejo I, Entrada Núm. 14 del recurso.

que la recurrente llevaba a cabo uso comercial en un predio residencial sito en un Distrito de Ordenación Residencial Intermedio (R-I). Solicitó el cese y desista de las operaciones, la identificación de la autorización aplicable al uso del terreno y la remoción de cámaras de seguridad instaladas en áreas comunes para fines comerciales.

El 27 de febrero de 2025, la señora Estrada de Jesús solicitó ante la OPU el Permiso Único 2025-619933-PU-392637 para operar una oficina administrativa de transporte en un inmueble ubicado en el kilómetro 3.2 de la carretera 174, sector Las Guavas del barrio Cerro Gordo en Bayamón.[3]

Tras varios trámites procesales, el 14 de julio de 2025, la OPU notificó un *Informe de Acuerdo Adoptado por el Oficial de Permisos*, mediante el cual no autorizó la solicitud de Permiso Único 2025-619933-PU-392637.[4] Determinó que el uso propuesto no estaba permitido en el distrito de calificación y que la recurrente no había solicitado una variación en uso, conforme al *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios*, Reglamento Núm. 9473 de 16 de junio de 2023 (Reglamento Conjunto).

Según la determinación recurrida, el 27 de octubre de 2025, la recurrente solicitó ante la OPU el Permiso Único 2025-659441-PU-436208 para obtener una variación en uso que autorizara una oficina administrativa de servicios de transportación de pacientes y un estacionamiento para su flota vehicular en su inmueble.

Posteriormente, el 10 de diciembre de 2025, el señor Román Vega presentó ante la OPU una *Querella* en oposición a la solicitud del Permiso Único 2025-659441-PU-436208.[5] Alegó que la recurrente y el señor Edgar Crespo continuaban utilizando la propiedad para

---

[3] Anejo II, Entrada Núm. 14 del recurso.
[4] Anejo 4, Entrada Núm. 2 del recurso.
[5] Anejo, Entrada Núm. 12 del recurso.

una operación comercial sin autorización y que la actividad propuesta afectaba el tránsito, la seguridad, la tranquilidad, la convivencia vecinal y la infraestructura vial.

El 9 de enero de 2026, el Comité de Permisos del Municipio de Bayamón emitió una *Resolución*, en la que determinó no favorecer las variaciones solicitadas, por entender que el proyecto tendría impactos adversos sobre el carácter residencial de la comunidad, considerando las denuncias y los reclamos de los vecinos.[6]

Así las cosas, el 23 de enero de 2026, la OPU emitió y notificó un *Informe sobre Acuerdo Adoptado por el Oficial de Permisos*.[7] En el mismo, consignó las siguientes determinaciones de hechos:

1. La Sra. [María] Estrada De [Jesús] (Dueña), sometió ante la consideración de esta Oficina de Permisos un Permiso Único en donde se solicita la Variación en Uso en la que proponen lo siguiente según memorial explicativo sometido:
*"Asunto: Solicitud de Permiso de Uso con Variación de Uso para Oficina Administrativa de Transporte de Pacientes y pequeño estacionamiento para el uso exclusivo de la flota vehicular del proponente - Distrito R-I Estimados señores: ¡Saludos cordiales! La compañía Transporte Crespo & De Jesús a través de su representante, la señora María Estrada, ha solicitado los servicios de nuestra oficina para obtener su permiso de uso. Por medio de la presente, y conforme a lo dispuesto en el Capítulo 6.3 del Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios (Reglamento Conjunto de 2023), me dirijo a ustedes para solicitar el correspondiente permiso de Uso con una variación de uso para establecer una oficina administrativa de una empresa de transporte de pacientes (Transporte Crespo & De Jesús) junto con un pequeño estacionamiento vehicular para el uso exclusivo de la flota vehicular del proponente en una propiedad ubicada en la Carretera 174, KM 3.2, Sector Las Guavas, Barrio Cerro Gordo, Bayamón, Puerto Rico, propiedad de la Sra. María Estrada De Jesús. La empresa proponente es una pequeña empresa local dedicada al transporte de pacientes a citas médicas, que operará con un equipo de seis empleados y una flota de diez vehículos. la oficina administrativa ocupará un espacio limitado dentro de la estructura residencial existente en el primer piso, sin alterar su uso principal como vivienda. El horario de operación será de lunes a viernes, de 6:00 a.m. a 5:00 p.m. El Municipio de Bayamón ya previamente le había otorgado un permiso de uso previo en Magnolia Gardens, ubicación de donde se está trasladando el negocio. Reconocemos que el uso propuesto no está contemplado como permitido ministerial ni por excepción en el distrito R-I. Sin embargo, conforme a la Regla 6.3.1 del Reglamento Conjunto de 2023, solicitamos esta variación de uso por las siguientes razones: 1. Circunstancias extraordinarias: La propiedad cuenta con características particulares que la hacen idónea para este tipo de operación, incluyendo acceso por dos calles, un área de estacionamiento*

---

[6] Anejo, Entrada Núm. 12 del recurso.
[7] Anejo, Entrada Núm. 12 del recurso.

*que no colinda con los vecinos, no interrumpe el flujo vehicular de la zona y espacio suficiente para las operaciones sin afectar el entorno residencial y el área propuesta dentro de la propiedad queda una distancia bastante lejana a las demarcaciones y límites colindantes de sus [vecinos] más cercanos. 2. Compatibilidad con el vecindario: El uso propuesto no implica recibo y atención al público, ni actividades comerciales abiertas. Las operaciones se limitan a la coordinación de servicios y el manejo de vehículos, sin generar un flujo constante de visitantes. Los únicos vehículos que [transitan] el local propuesto son vehículos de transporte propiedad del proponente que se recogen por sus choferes en horas de la mañana y se entregan al final del día, conforme el horario de operaciones de la oficina. 3. Impacto mínimo: Se han tomado medidas para minimizar el impacto en la comunidad, incluyendo el uso de accesos que no interfieren con los vecinos colindantes. Los vehículos de la empresa accederán a la propiedad por una vía distinta y distante a la vía y entrada residencial, utilizando un área de estacionamiento amplia, ubicada a una distancia y elevación considerable respecto a las viviendas más cercanas, minimizando así el impacto en la comunidad. La operación se ha diseñado con estrictas medidas de seguridad, tanto para los empleados como para los residentes del área. Las vías de acceso utilizadas por los vehículos de la empresa no interfieren con el tráfico local ni con las rutas residenciales, garantizando así una convivencia armónica con la comunidad. 4. Viabilidad económica: La operación de esta oficina es esencial para la sostenibilidad económica de la empresa, la cual ofrece un servicio esencial a la comunidad, especialmente a persona de edad avanza o con condiciones médicas que requieren transporte especializado para sus citas médicas. Adjunto a esta solicitud se incluyen los documentos requeridos, incluyendo: Plano de la propiedad y distribución del espacio destinado a la oficina. Evidencia de notificación a vecinos colindantes. Declaración jurada de la propiedad. Fotografías del rótulo y del área de estacionamiento. Copia del informe emitido por el Oficial de Permisos con fecha del 11 de julio de 2025. Solicitamos que esta petición sea evaluada con carácter prioritario y que, de ser necesario, se celebre una vista pública conforme a lo dispuesto en la Sección 6.3.1.4 del Reglamento Conjunto de 2023".*

2. Del análisis de la agencia se determinó lo siguiente:
   a. El proyecto en cuestión sita en un distrito de ordenación R-I (RESIDENCIAL INTERMEDIO) según el Reglamento de Ordenación Territorial vigente. La Regla 6.1.3 del Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, establecerá las actividades autorizadas y demás parámetros sobre construcción aplicables a este distrito de ordenación.
   b. El solar que nos ocupa es uno de interior y enclava una residencia, tiene una cabida superficial de 3,855.604 metros cuadrados según escrituras sometidas.
   c. El proyecto propuesto presenta las siguientes condiciones:
      a) No se propone área de carga y descarga.
      b) Se proponen nueve (9) espacios de estacionamientos según el croquis sometido.

3. El proyecto ubica en una Zona X según los mapas de Inundación Base y FIRM en la hoja 72000C0710H con vigencia del 13 de abril de 2018.

4. En el memorial explicativo el proponente solicita por escrito: "El Reglamento Conjunto vigente establece los usos permitidos en el Distrito R-I. El uso solicitado por la parte

proponente no está permitido de forma ministerial en dicho Distrito, por lo que se solicita que se autorice una variación en uso".

5. En la residencia donde se propone la actividad de servicios de transportación, Servicio (Oficina Administrativa y estacionamiento para la flota vehicular) propuesta colinda con residencias.

6. El 19 de febrero de 2025, se presentó en la Oficina de Permisos la querella 2025-15-0015-Q.

7. El 27 de febrero de 2025, la parte proponente presentó a través del portal SBP una solicitud de permiso único núm. 2025-619933-PU-392637.

8. El 4 de junio de 2025, se llevó a cabo la vista administrativa.

9. Para la vista compareció la parte proponente María Estrada y el licenciado Libardo Hernández y los vecinos-opositores.

10. El 11 de julio de 2025, mediante resolución se DENEGÓ la solicitud del permiso único núm. 2025-619933-PU-392637.

11. Ahora, nuevamente la proponente radica una nueva solicitud de permiso único solicitando variación en uso para Establecimiento para servicios de transportación, Servicio (Oficina Administrativa y estacionamiento para la flota vehicular).

12. El Comité de Permisos del Municipio Autónomo tuvo su reunión el 11 de diciembre de 2025, donde el caso fue evaluado.

Expresó que el Comité de Permisos concluyó que la variación en uso presentada alteraría y afectaría adversamente el ambiente residencial de la comunidad. Asimismo, la OPU determinó que la parte proponente no demostró que las variaciones no perjudicarían las propiedades vecinas, el entorno, ni la seguridad y tranquilidad de los residentes, conforme a las secciones 6.3.1.5 (a)(b)(c)(d)(e), 6.3.2.3 (a) y 6.3.2.4 (b) del Reglamento Conjunto, *supra.* También, señaló que no acreditó cómo la denegatoria de la variación conllevaría la confiscación del uso de la propiedad. Por tales fundamentos, denegó la consulta de variación de uso y ordenó el cierre y archivo del caso.

Inconforme, el 17 de febrero de 2026, la señora Estrada de Jesús peticionó una revisión administrativa ante la OGPe para que se revisara la determinación de la OPU en denegar su solicitud de variación en uso mediante el Permiso Único 2025-659441-PU-436208. Según la OGPe, esta sostuvo que la determinación carecía

de evidencia sustancial y descansaba en señalamientos especulativos, no corroborados ni apoyados por estudios técnicos o inspecciones que acreditaran algún efecto negativo; que se vulneró su debido proceso de ley al no apoyarse en evidencia sustancial ni permitírsele ser oída; que el proyecto cumplía una función social importante, mediante una operación limitada y compatible con el entorno residencial, al proveer transporte a adultos mayores a sus servicios médicos, y que no podía fundarse en alegaciones del interventor sin prueba. El 26 de febrero de 2026, la OGPe emitió una *Resolución*, en la que decidió no acoger la revisión administrativa.[8]

Aún insatisfecha, la recurrente presentó una revisión judicial ante este Tribunal y señaló que la OGPe cometió el siguiente error:

**ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA OFICINA DE GERENCIA DE PERMISOS AL DENEGAR UNA SOLICITUD Y RECONSIDERACIÓN DE UN PERMISO DE USO, BASÁNDOSE EN UN EXPEDIENTE ADMINISTRATIVO INCOMPLETO QUE NO CONTIENE LA SOLICITUD ORIGINAL DEL PERMISO NI LA QUERELLA PRESENTADA ANTE OGPE, EN CLARA VIOLACIÓN AL DEBIDO PROCESO DE LEY PROCESAL Y A LA LEY DE PROCEDIMIENTO ADMINISTRATIVO UNIFORME (LPAU), LEY NÚM. 38-2017 Y LA JURISPRUDENCIA DEL TRIBUNAL SUPREMO DE PUERTO RICO.**

En esencia, la señora Estrada de Jesús planteó que la OGPe erró al fundamentar su determinación en un expediente administrativo incompleto que no contenía la solicitud original de permiso ni la querella. Sostuvo que ello constituyó una violación al debido proceso de ley, puesto que le impidió presentar una defensa adecuada y refutar la evidencia en su contra, convirtiendo el proceso administrativo en una mera formalidad carente de garantías procesales mínimas. Finalmente, manifestó que el uso propuesto respondía a una función social y humanitaria, al facilitar la transportación de los adultos mayores a sus servicios médicos.

Al contar con la autorización de este foro apelativo, el 19 de mayo de 2026, la señora Yamalie Rivera Figueroa y el señor Román

---

[8] Anejo, Entrada Núm. 4 del recurso.

Vega alegaron que el expediente administrativo reflejaba un procedimiento ampliamente desarrollado, con participación activa de la recurrente. Sostuvieron que los informes emitidos el 14 de julio de 2025 y el 23 de enero de 2026 contenían determinaciones de hechos, conclusiones de derecho y análisis específicos sobre la solicitud promovida, por lo que la determinación recurrida no fue arbitraria. Asimismo, adujeron que la señora Estrada de Jesús no demostró cómo la alegada ausencia de ciertos documentos le causó indefensión real o le impidió presentar prueba o defender adecuadamente su posición, y que no toda deficiencia técnica o procesal conllevaba automáticamente la nulidad de una determinación administrativa válida en derecho.

Transcurrido en exceso el término concedido a la OPU para que compareciera ante este Tribunal sin que así lo realizara, procede disponer del recurso sin el beneficio de su comparecencia.

## II.

### A. Revisión judicial

La revisión judicial faculta a este Tribunal a examinar las decisiones finales de un foro administrativo con el propósito de asegurar que actuó dentro del marco del poder delegado y conforme a la política legislativa. Art. 4.006(c) de la *Ley de la Judicatura*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y; Sec. 4.2 de la *Ley de Procedimiento Administrativo Uniforme*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672 (LPAUG); *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022); D. Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Bogotá, Forum, 2013, pág. 669.

Las determinaciones de hechos de la agencia se sostienen si están apoyadas por la evidencia sustancial en el expediente administrativo. Sec. 4.5 de la LPAUG, *supra*, sec. 9675. En cambio, las conclusiones de derecho y las cuestiones mixtas son revisables en

toda su extensión. *Super Asphalt v. AFI y otros*, 206 DPR 803 (2021); *Rivera v. A&C Development Corp.*, 144 DPR 450 (1997).

Los tribunales concedían tradicionalmente deferencia a las interpretaciones jurídicas de los organismos administrativos por razón de su pericia. *Vázquez et al. v. DACo,* 2025 TSPR 56, 216 DPR ___ (2025). No obstante, el Tribunal Supremo de Puerto Rico acogió el criterio de *Loper Bright Enterprises v. Raimondo*, 603 US 369 (2024) y dispuso que corresponde a los foros judiciales ejercer un juicio independiente al revisar la actuación administrativa. *Íd.* Ello, debido a su rol en resguardar la robustez en el sistema jurídico y la confianza pública en los procesos administrativos y judiciales.

**B. Permiso de variación en uso**

La variación en uso constituye un permiso excepcional para dedicar una propiedad a un uso prohibido por las restricciones aplicables al distrito de calificación. Sec. 6.3.1.1 del Reglamento Conjunto, *supra.* Su concesión solo procede cuando la parte promovente demuestra circunstancias extraordinarias, que ninguno de los usos permitidos en el distrito es factible física o económicamente, y que la aplicación estricta de la reglamentación resultaría innecesariamente gravosa o equivaldría a una confiscación de la propiedad. *Íd.* Además, debe acreditarse que las razones que justifican la variación son particulares a la propiedad o estructura y que el uso propuesto es compatible con los propósitos del distrito y de la comunidad. *Íd.* De igual forma, debe demostrarse que el uso propuesto beneficia al vecindario; que no afecta adversamente la infraestructura, el contexto, el ambiente del vecindario, ni la seguridad y tranquilidad de los vecinos, y que cumple con las demás disposiciones reglamentarias aplicables. *Íd.*

**III.**

En el presente caso, la señora Estrada de Jesús se circunscribió a plantear que la OGPe erró y abusó de su discreción al

denegar su solicitud y reconsideración de permiso de uso sobre la base de un expediente administrativo incompleto, por no contener la solicitud original del permiso ni la querella. La recurrente no impugnó los fundamentos sustantivos relativos a los criterios reglamentarios aplicables a una variación en uso. A su juicio, la alegada deficiencia del expediente vulneró su debido proceso de ley, ya que le impidió presentar una defensa adecuada y refutar la evidencia en su contra.

No le asiste la razón. El planteamiento de la recurrente parte de la premisa de que la ausencia de la solicitud del Permiso Único 2025-619933-PU-392637 y la *Querella* 2025-15-0015-Q invalidaba la determinación recurrida. Sin embargo, del expediente surge que la solicitud de Permiso Único 2025-619933-PU-392637 fue previamente evaluada y adjudicada por la OPU en un trámite anterior, relacionado con la querella antes mencionada, mediante una determinación que advino final y firme al no haber sido oportunamente recurrida mediante los mecanismos administrativos o judiciales disponibles.

La controversia ante nuestra consideración se limita a la determinación relacionada con la solicitud posterior de variación en uso. Dicha solicitud constituía un trámite separado, mediante el cual la recurrente procuró autorización para dedicar su propiedad a un uso no permitido ministerialmente en el distrito de calificación aplicable. En ese contexto, la OPU no venía obligada a depender de los documentos correspondientes al trámite anterior para resolver si procedía conceder la variación en uso solicitada.

Más aún, la determinación recurrida expuso los fundamentos específicos por los cuales se denegó la variación. En particular, la OPU determinó que la recurrente no demostró que las variaciones solicitadas no perjudicarían las propiedades vecinas, el entorno del sector, ni la seguridad y tranquilidad de los residentes. Concluyó que la recurrente no acreditó que la denegatoria de la variación conllevaría la confiscación del uso de la propiedad. Tales

consideraciones son pertinentes a la evaluación reglamentaria de una variación en uso y guardan relación directa con los criterios aplicables bajo el Reglamento Conjunto, *supra.*

Así pues, aun aceptando que el expediente certificado de la consulta de variación en uso no incluyera copia de la solicitud del Permiso Único 2025-619933-PU-392637 ni de la *Querella* 2025-15-0015-Q, ello no demostró, por sí solo, una violación al debido proceso de ley. La señora Estrada de Jesús no estableció cómo esa omisión le causó indefensión real en la adjudicación de la solicitud de variación en uso aquí recurrida. Tampoco demostró que la ausencia de esos documentos impidiera a la OPU o a la OGPe evaluar los criterios reglamentarios aplicables a dicha solicitud, ni que privara a este Tribunal de una base suficiente para ejercer su función revisora.

Asimismo, su planteamiento resulta insuficiente para invalidar la determinación recurrida, toda vez que la solicitud de variación en uso fue presentada por la propia recurrente y adjudicada conforme a los criterios reglamentarios aplicables a ese trámite particular. En este recurso, la señora Estrada de Jesús no demostró, a satisfacción de este Tribunal, que la alegada omisión documental le causara indefensión real, vulnerara su debido proceso de ley o constituyera abuso de discreción, arbitrariedad o error de derecho, por lo que procede confirmar el dictamen recurrido.[9]

**IV.**

Por los fundamentos que anteceden, se confirma la determinación recurrida.

---

[9] El argumento basado en que los vehículos a ser ubicados en el lugar permitirían brindar servicios de transporte a personas mayores, y por tanto, con ello se propicia un fin legítimo perseguido en la *Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores*, Ley 121-2019, según enmendada, carece de mérito y resulta innecesario abundar sobre el mismo. Basta señalar que la política pública a favor de las personas mayores no puede ir en contra ni menoscabar otra importante política pública, en este caso la relativa a una regulada ordenación territorial.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones